UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

| | |
|---|---|
| **JOVON DAVIS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Civil Action Nos. 1:18-01409 |
| v. | ) |
| | ) |
| **MIKE FLANIGAN, Magistrate Judge,** | ) |
| | ) |
| **Defendants.** | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

On November 5, 2018, Plaintiff, acting *pro se* and a pretrial detainee in confinement at Southern Regional Jail in Beaver, West Virginia, filed his letter-form Complaint and Motion for Temporary Restraining Order claiming entitlement to relief under 42 U.S.C. §1983.[1] (Document No. 1.) Plaintiff names the Magistrate Judge Mike Flanigan as the sole defendant. (Id.) Plaintiff alleges that he is being detained without sufficient evidence. (Id.) Plaintiff explains that he appeared before Magistrate Flanigan on October 11, 2018, for a preliminary hearing on a Criminal Complaint. (Id.) Plaintiff contends that "the person who filed the complaint against [him] didn't appear in Court to testify in detail to support the complaint." (Id.) Plaintiff complains that the reporting officer read the unsupported complaint without having personal knowledge of the incident and Magistrate Flanigan bound him over to the Circuit Court without sufficient evidence. (Id.) Plaintiff claims that Magistrate Flanigan's ruling was "unjust" and "in error." (Id.) Plaintiff further states that he suffers from congestive heart failure, mental health issues, and COPD. (Id.) Plaintiff complains that he is not receiving medications for any of his

---

[1]   Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed

medical conditions.[2] (Id.) Plaintiff further asserts that Magistrate Flanigan refuses to release him on bond so that he can seek appropriate medical care. (Id.) Accordingly, Plaintiff requests that this Court direct that Plaintiff be released from custody and that the pending criminal charges be dismissed. (Id.)

## THE STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327-28, 109 S.Ct. at 1833. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in

---

liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] To the extent Plaintiff believes he is being denied adequate medical care at the Southern Regional Jail, Plaintiff should file a form Complaint initiating a new civil action and name as defendants those individuals responsible for failing to provide such medical care. Plaintiff must also state what constitutional, statutory or common law rights he believes each defendant has violated and support each claim with specific factual allegations about each defendant's actions or omissions, and allege, with some degree of particularity, how each named defendant was involved in the alleged deprivation of his rights. The Clerk is **DIRECTED** to mail to a copy of a form Complaint and a blank Application to Proceed *in Forma Pauperis* to Plaintiff.

support of his claim which would entitle him to relief.

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978). Liberal construction, however, "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at * 3 (N.D.W.Va. 2007)(citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir.1990)).

## ANALYSIS

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). Title 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege

3

or immunity protected by the Constitution or laws of the United States.

**1.      Judicial Immunity:**

"Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine in Bradley v. Fisher, 80 U.S. 335, __ S.Ct. ___, 20 L.Ed. 646 (1872)." Imbler v. Patchman, 424 U.S. 409, 419, 96 S.Ct. 984, 990, 47 L.Ed.2d 128 (1976). Judicial immunity does not attach when a judicial officer acts in the clear absence of all jurisdiction. Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987). The doctrine of judicial immunity, however, "attaches even if the act in question was in excess of [the judge's] authority." Jackson v. Houck, 181 Fed. App'x 372, 372 (4th Cir. 2006) (quoting Mireles v. Waco, 502 U.S. 9, 12-13, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991)). "This immunity applies even when the judge is accused of acting maliciously and corruptly, and it 'is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." Id. (adopting doctrine of absolute judicial immunity in Section 1983 actions) (internal citation omitted). Based upon the allegations contained in the letter-form Complaint and Motion, the undersigned finds that Magistrate Flanigan is absolutely immune from suit. Plaintiff appears to argue that Magistrate Flanigan allowed his constitutional rights to be violated during his criminal proceedings and failed to grant him release on bail. As stated above, judges have absolute immunity for their judicial acts even when the judge is accused of acting maliciously and corruptly. Accordingly, the undersigned respectfully recommends that Plaintiff's claim be

dismissed because Magistrate Flanigan is entitled to absolute immunity.

2. **Challenge to State Criminal Charges:**

Notwithstanding the foregoing, the undersigned will briefly consider the merits of Plaintiff's claim. Plaintiff, a pretrial detainee, appears to allege that Magistrate Flanigan is violating his constitutional rights by holding him in custody based upon insufficient evidence. Plaintiff further complains that Magistrate Flanigan denied bail. It appears that a Criminal Complaint was filed in the Magistrate Court of Mercer County charging Plaintiff with an offense. Plaintiff contends that there is insufficient evidence to support the charge. As relief, Plaintiff requests that the Court release him from custody and order the dismissal of the pending criminal charges.

To the extent Plaintiff is requesting that this Court dismiss charges filed against him in State Court, the undersigned finds that the Court should abstain from interfering with pending State charges. See Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). "Under the *Younger*-abstention doctrine, interest of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." Hawaii Housing Auth. v. Midkiff, 467 U.S. 229, 237-38, 104 S.Ct. 2321, 2327, 81 L.Ed.2d 186 (1984). The Fourth Circuit has recognized that "*Younger* abstention is appropriate only in those cases in which (1) there is an ongoing state judicial proceeding, (2) the proceeding implicates important state interest, and (3) there is an adequate opportunity to present the federal claims in the state proceeding." Employers Resource Management Co., Inc. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995), cert. denied, 516 U.S. 1094, 1167 S.Ct. 816, 133 L.Ed.2d 761 (1996). A court should disregard

*Younger's* mandate only where "(1) there is a showing of bad faith or harassment by state officials responsible for the prosecution; (2) the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions; or (3) other extraordinary circumstances exist that present a threat of immediate and irreparable injury." Nivens v. Gilchrist, 444 F.3d 237, 241 (4th Cir. 2006)(internal quotations omitted). To prevail under the bad faith exception, petitioner must show "a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." Suggs v. Brannon, 804 F.2d 274, 278 (4th Cir. 1986). "[I]t is the plaintiff's 'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." Phelps v. Hamilton, 122 F.3d 885, 890 (10th Cir. 1997).

      The undersigned finds that the *Younger* abstention doctrine applies in the instant case. First, Plaintiff is clearly involved in ongoing State criminal proceedings. Second, a pending State criminal proceeding clearly involves an important State interest. The State of West Virginia has an important interest in maintaining the efficient operation of its criminal justice system without undue federal interference. See Kelly v. Robinsion, 479 U.S. 36, 49, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986)("[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief.") Third, the matters in controversy are on-going and Plaintiff will have an adequate opportunity to present his claims in the state court proceedings. See Gilliam v. Foster, 75 F.3d 881, 904 (4th Cir. 1996)(Generally, "a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights."). "[T]he key question is whether the state allows [the defendant] to raise [his] objections,

not whether the state agrees with those objections." Nivens, 444 F.3d at 243. Concerning Plaintiff's claim of denial of bail, Plaintiff has a statutory right under West Virginia law to appellate review of the amount of bail or the discretionary denial of bail. W. Va. Code § 62-1C-1(c)("The amount of bail or the discretionary denial of bail at any stage of the proceedings may be reviewed by summary petition first to the lower appellate court, if any, and thereafter by summary petition to the supreme court of appeals or any judge thereof."); also see Lazarus v. Baca, 389 Fed.Appx 700, 700-01 (9th Cir. 2010)(applying *Younger* abstention where petitioner had opportunity to raise her excessive bail claim before the state court). Finally, Plaintiff has failed to allege sufficient facts to establish the applicability of the bad faith exception. Specifically, there is no indication that Plaintiff is being prosecuted "without a reasonable expectation of obtaining a valid conviction." Accordingly, the undersigned recommends that this Court abstain from hearing the above claim.[3]

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Plaintiff's letter-form Complaint and Motion for Temporary Restraining Order (Document No. 1) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge

---

[3] Although Section 1983 actions for damages are ordinarily stayed pending the outcome of criminal proceedings warranting *Younger* abstention, the undersigned finds that a stay of the instant case is not appropriate as Plaintiff does not request monetary damages. In the instant case, Plaintiff requests that this Court dismiss the criminal charges and order his release from custody. *See Wallace v. Kato*, 549 U.S. 384, 393, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007). Furthermore,

David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: November 8, 2018.

Omar J. Aboulhosn
United States Magistrate Judge

---

the sole defendant (Magistrate Flanigan) is entitled to absolute immunity.