# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT BLUEFIELD

**JOVON DAVIS,**

    **Plaintiff,**

v.                       **CIVIL ACTION NO. 1:18-01409**

**MIKE FLANIGAN, Magistrate Judge,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

By Standing Order, the action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of findings of fact and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Aboulhosn submitted his Findings and Recommendation ("PF&R") to the court on November 8, 2018, in which he recommended that the court dismiss plaintiff's complaint and motion for a temporary restraining order and remove this matter from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days plus three mailing days in which to file any objections to Magistrate Judge Aboulhosn's Findings and Recommendations. On November 19, 2018, plaintiff filed his objections to the PF&R. (ECF No. 4). On that same day, he also filed a request for the appointment of counsel. (ECF No. 5). Thereafter, on December 3, 2018, plaintiff filed a "request to amend his complain[t] and temporary restraining order". (ECF No. 6). With respect to plaintiff's

objections, where they are responsive to the PF&R, the court has conducted a de novo review.

Plaintiff's pro se complaint arises out of proceedings occurring in Mercer County court on October 11, 2018. Davis alleges that on that date he appeared for a preliminary hearing before Magistrate Mike Flanigan. According to plaintiff, Flanigan bound him over to circuit court without sufficient evidence. Davis also complains about the lack of treatment for his medical ailments while in state custody. In his objections, plaintiff also asserts that he was brutally beaten while incarcerated.

In the PF&R, Magistrate Judge Aboulhosn found that the complaint was subject to dismissal because the sole defendant named is Magistrate Judge Mike Flanigan. As Magistrate Judge Aboulhosn noted, the claims against Magistrate Flanigan are barred by the doctrine of judicial immunity. As to plaintiff's challenges to his ongoing state criminal charges, the PF&R recommended that the court abstain from hearing those claims pursuant to the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971). Finally, with respect to plaintiff's allegations regarding inadequate medical care, Magistrate Judge Aboulhosn noted:

> To the extent Plaintiff believes he is being denied adequate medical care at the Southern Regional Jail, Plaintiff should file a

> form Complaint initiating a new civil action and
> name as defendants those individuals responsible
> for failing to provide such medical care.
> Plaintiff must also state what constitutional,
> statutory or common law rights he believes each
> defendant has violated and support each claim
> with specific factual allegations about each
> defendant's actions or omissions, and allege,
> with some degree of particularity, how each named
> defendant was involved in the alleged deprivation
> of his rights.  The Clerk is **DIRECTED** to mail [ ]
> a copy of a form Complaint and a blank
> Application to Proceed *in Forma Pauperis* to
> Plaintiff.

ECF No. 3 at p.2 n.2.

Plaintiff's objections fail to address the PF&R's conclusions regarding Flanigan's well-established immunity to suit.  "As early as 1872, the Court recognized that it was 'a general principal of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself.'"  Stump v. Sparkman, 435 U.S. 349, 355 (1978) (quoting Bradley v. Fisher, 13 Wall. 335, 347 (1872)).  For that reason, judges "are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly."  Bradley, 13 Wall. 335, 351.  This judicial immunity applies even in suits brought pursuant to 42 U.S.C. § 1983.  Stump, 435 U.S. at 356.  "Few doctrines were more solidly established at common law than

3

the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." Pearson v. Ray, 386 U.S. 547, 553-54 (1967). Judicial immunity applies even where a "judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judge's should be at liberty to exercise their functions with independence and without fear of consequences." Mireles v. Waco, 502 U.S. 9, 12-13 (1991). Only when a judge has acted in "clear absence of all jurisdiction" does judicial immunity not attach to a judge's actions. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).

In determining whether a judge's action is a judicial one for purposes of immunity, a court is to consider "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and [ ] the expectations of the parties, i.e., whether they dealt with the judge in his official capacity." Id. at 362. "Magistrates are judicial officers, and are thus entitled to absolute immunity under the same conditions as are judges." King v. Myers, 973 F.2d 354, 356 (4th Cir. 1992) (citing Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987)).

Plaintiff's allegations make clear that all of the actions taken by Magistrate Flanigan in the state proceedings were taken in the course of his official capacity as a magistrate

in Mercer County Magistrate Court. None of the allegations in plaintiff's complaint can be construed as alleging action taken outside of his official capacity nor is there any indication that Flanigan lacked jurisdiction to hear the case of which plaintiff complains. Accordingly, plaintiff's objections are **OVERRULED**.[*]

For the foregoing reasons, the court adopts the Findings and Recommendations of Magistrate Judge Aboulhosn, **DISMISSES** plaintiff's complaint and motion for a temporary restraining order and directs the Clerk to remove this matter from the court's docket. Because plaintiff's proposed amended complaint does not address the deficiencies outlined in the PF&R and would therefore be futile, the motion to amend (ECF No. 6) is **DENIED** without prejudice. Finally, the motion/request for counsel (ECF No. 5) is **DENIED** as well.

The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record and to plaintiff, pro se.

IT IS SO ORDERED this 3rd day of January, 2019.

ENTER: *David A. Faber*
David A. Faber
Senior United States District Judge

---

[*] As Magistrate Judge Aboulhosn informed plaintiff, should he wish to pursue a claim regarding his medical care while incarcerated, he should file a new civil action as explained more fully in the PF&R. Plaintiff may also pursue any claims regarding the alleged beating he received while incarcerated in the same manner.

5